CHARLES WINCHESTER *vs.* GEORGE C. WINCHESTER.

Worcester. January 13, 1876. COLT & ENDICOTT, JJ., absent.
October 5. — 6, 1876. October 13. — 21, 1876. COLT & MORTON, JJ., absent.

No appeal lies to the full court, from the decree of a single justice in equity, which appears on its face to have been made by consent of parties.

A petition for a rehearing of a case decided by the full court is addressed exclusively to the discretion of the court; and will not be granted, nor permitted to be argued, unless the court, upon inspection of the petition, so orders; and it should have annexed a certificate of counsel, should distinctly specify the grounds upon which it rests, and, so far as it involves matter of fact, be supported by affidavits.

On a petition for a rehearing of a cause, in which a decree appeared upon its face to have been made by consent of parties, no testimony, except the petitioner's, was produced to any fact tending to show any error in the record; and it appeared that the original decree was made with the consent of his then counsel, and that they declined to make affidavits in the case; that the petitioner, though immediately informed of the entry of the decree, filed no petition for a rehearing, but entered an appeal, which, on motion of the adverse party, and after notice to him, was heard and dismissed in his presence; and that he took no step for eight months afterwards to obtain a rehearing, but, without filing any paper reserving any supposed right to a rehearing on the main question, took part in repeated hearings upon motions of the adverse party in execution of the orginal decree. *Held*, that the petitioner had conclusively waived any right to a rehearing upon the merits of that decree.

BILL IN EQUITY for the performance of an award and the set-tlement of the affairs of a partnership.

The case was heard at chambers in Boston, (the plaintiff be-ing represented by *W. A. Field*, and the defendant by *B. F. Thomas & G. A. Torrey*,) before *Ames*, J., who on October 23, 1875, made a decree, purporting upon its face to be by consent of the parties, requiring the defendant to pay certain sums of money and to execute certain conveyances, appointing a receiver, and referring the case to a master. On November 22, 1875, the defendant appealed from that decree.

On January 5, 1876, the plaintiff applied to the full court, sitting in Boston, to dismiss the appeal and affirm the decree, because it was made by consent. Notice of this application was given to the defendant, who appeared with counsel, and the matter was argued on January 13, 1876.

*W. Gaston & B. E. Perry*, for the plaintiff.

*T. L. Wakefield*, for the defendant.

BY THE COURT. The decree appearing to be made by con-sent, the appeal cannot be sustained. The only way by which the party, in such a case, can have the decree reviewed is by a petition for a rehearing or by a new bill. *Downing* v. *Cage*, 1 Eq. Cas. Ab. 165. *Anon.* 1 Ves. Jr. 93. *Monell* v. *Lawrence*, 12 Johns. 521.                                    *Decree affirmed.*

On October 3, being the first day of October term 1876 in Worcester, the defendant presented to the full court the follow-ing petition:

" To the Honorable the Justices of the Supreme Judicial Court, within and for the county of Worcester, sitting as a full court.

" The petition of George C. Winchester, the defendant in the above entitled cause, respectfully represents that a decree was entered in said case by a single justice on the 23d of October, 1875, and a record was then made reciting that your petitioner had consented and agreed to the entry of said decree; whereas in truth and in fact your petitioner never consented or agreed to said decree, and the same was made without his consent, without hearing his defence, or giving him an opportunity to be heard thereon, and without the plaintiff's bill having been taken as confessed against your petitioner; that said decree is wholly erro-

neous, and does not conform to the pleadings in the case, and the plaintiff is not entitled upon the pleadings to the relief given in said decree; that your petitioner appealed from said decree to the full court, being advised that his remedy was by appeal, and his said appeal was subsequently dismissed by the full court for the reason that by the record it appeared that said decree had been entered with his consent; that all the subsequent proceedings in said case have been had against his consent, and subject to his right to apply for a rehearing of the case to the full court at its next session for the county of Worcester, where the case is pending; that your petitioner has a true and substantial defence to the plaintiff's bill on the merits, which, without his fault, has never been heard by this court, and he desires to be heard thereon; and he craves leave to refer to all said proceedings.

"He therefore prays that said record may be amended by striking out therefrom the clauses reciting the consent of your petitioner to the entry of said decree; and that your petitioner may have leave to enter an appeal to the full court from said decree, when so amended; and that said decree and all subsequent proceedings in the cause may be set aside and the case reheard, and such decree made as justice and equity may require.

"Geo. C. Winchester."

"We respectfully certify that in our opinion the above entitled cause is proper to be reheard before this honorable court. '

"Geo. F. Hoar,

"T. L. Nelson."

The court gave leave to file the petition, and ordered notice to the other party, and an argument thereon was had on October 5, 1876.

*G. F. Hoar & T. L. Nelson,* for the petitioner, cited 2 Dan. Ch. Pract. (4th Am. ed.) 1472, 1473, 1476, 1477, 1478, 1575; Story Eq. Pl. §§ 405, 412, 421, and notes; *Thompson* v. *Goulding,* 5 Allen, 81, 82, and cases cited.

*W. Gaston & W. A. Field, contra.*

GRAY, C. J. In the argument of the learned counsel for the petitioner, great reliance was placed upon the practice of the English Court of Chancery as to rehearings. But the practice of that court affords no rule to govern a court of last appeal,

whose judgments have the strongest presumption in their favor, and cannot be freely reconsidered without unreasonably protracting litigation and disregarding the claims of other suitors to the attention of the court.

After final judgment in the House of Lords, or in the Judicial Committee of the Privy Council, no rehearing is allowed, unless for the purpose of correcting mistakes in the form of the decree. *Broughton* v. *Delves*, 1 Ridgeway P. C. 513, 514. *Stewart* v. *Agnew*, 1 Shaw, 413. *Tommey* v. *White*, 3 H. L. Cas. 49, and 4 H. L. Cas. 313. *Rajundernarain Rae* v. *Bijai Govind Sing*, 1 Moore P. C. 117. *The Singapore*, L. R. 1 P. C. 378, 388. In *Stewart* v. *Agnew*, Lord Eldon quoted, from an opinion delivered in the Irish House of Lords in 1787, while that house was an independent and supreme judicature, the following quaint but forcible statement: " If causes were to be reheard, there would then be no end of decisions. This house would then be a house of *plusieurs resorts*, and not of *dernier resort* — a house of many applications, and not of final judgment ; and the celebrated Latin epigram upon the tediousness and uncertainty of the Aulic Council at Spires might then be wrote over the front of this house, *Lites ibi spirant, sed nunquam expirant.*" 1 Shaw, 439.

In the Supreme Court of the United States, no rehearing of a case once decided is granted, nor even an argument permitted upon the question whether a rehearing should be had, unless the court, upon inspection of the petition for a rehearing, sees fit so to order. *Washington Bridge* v. *Stewart*, 3 How. 413. *Brown* v. *Aspden*, 14 How. 25. *United States* v. *Knight*, 1 Black, 488. *Public Schools* v. *Walker*, 9 Wall. 603. *Ambler* v. *Whipple*, 23 Wall. 278. And this court, for some years past, has conformed to that practice, as essential to the discharge of its increasing business.

Such an application for a rehearing is addressed exclusively to the discretion of the court. *Steines* v. *Franklin County*, 14 Wall. 15. *Shannon* v. *Shannon*, 10 Allen, 249. A certificate of counsel, though not allowed the same weight in the American courts as in the English Chancery, should properly be annexed. The application should distinctly specify the grounds upon which it rests, and, so far as it involves matter of fact, be supported by affidavits, in order to show to the satisfaction of the court, upon

the face of the petition, and of the whole record and files in the case, probable cause for a rehearing.

In the present case, the petitioner may have liberty to amend his petition within one week, by making the allegations more specific, and by annexing affidavits to the material facts.

*Ordered accordingly.*

Within the time appointed, the petitioner filed an amended petition and affidavits, and submitted the same without argument to the court, in whose opinion the substance thereof is stated.

GRAY, C. J. The amended petition and the affidavits filed therewith do not show to the satisfaction of the court probable cause for a rehearing.

The case, upon the petitioner's own allegations, stands thus: In support of his attempt to contradict the record of the court, he produces no testimony, except his own, to any fact tending to show any error therein. The original decree was made with the consent of the petitioner's then counsel, and they have declined to make affidavits in the case. The petitioner, though immediately informed of the entry of that decree, filed no petition for a rehearing, but on the thirtieth day afterwards entered an appeal. His appeal was, on motion of the adverse party, and after notice to him, heard in January last by the full court sitting in Boston, as authorized by the Gen. Sts. *c.* 113, §§ 18, 19. The petitioner was present, with new counsel, at the hearing of the appeal and the delivery of the opinion, by which he was informed that he had mistaken his remedy; but took no step for more than eight months to obtain a rehearing, and, without filing any paper reserving or insisting upon any supposed right to a rehearing of the main question, took part in February, March, April and May, in repeated hearings before different justices of this court, and before the master, upon motions of the plaintiff, in execution of the original decree. By these acts, the petitioner, whatever his secret belief or intention may have been, has, in legal effect, conclusively waived any right to a rehearing, in any form, upon the merits of the original decree. *Rehearing denied.*