## ELIZA A. WALL *vs.* OLD COLONY TRUST COMPANY & others.

Suffolk.    December 12, 1900. — January 1, 1901.

Present: KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

Where it becomes necessary to call in other justices under Rule 41 of the court, in order that a judgment may be concurred in by a majority of the whole court, counsel may, if they choose, secure a right to be heard orally before all the justices who participate in the judgment.

Where justices other than those who heard the case argued were called in, under Rule 41 of the court, to participate in the decision of the case, a party to the suit who made no objection under said rule either at the argument nor later when the necessity of calling in other justices was apparent, and who presented to the justices an application for a rehearing, which contained no mention of such objection and no suggestion that he had been deprived of a constitutional right, and who afterwards moved unsuccessfully to amend his bill, and was heard upon the motion for a final decree, without raising the objection, was *held*, if he had a constitutional right to be heard orally before all the justices who participated in the decision, to have waived such right.

Except for peculiar reasons, the court will not hear reargument on questions of law which have been heard and decided before the full court at an earlier stage of the same case.

An application for a rehearing has no standing under our laws as a recognized part of the procedure of the court, but is received only as friendly information to the justices of an oversight or manifest error, which in the opinion of the justices should call for correction or reargument.   Argument is not heard upon such an application, nor should the application itself contain any argument; but it should suggest the error relied on.

By the decision of this case reported in 174 Mass. 340, the defendants' demurrers to a bill in equity, brought by a member of a firm to recover damages for alleged participation by the defendants in a wrongful conversion of certain shares of stock by the plaintiff's copartner, were sustained, on the ground that by the allegations in the bill it did not appear that the defendants had reason to believe that the partner, who committed the conversion in assigning the stock, was acting without the knowledge and approval of his copartners.   This decision is now affirmed.

BILL IN EQUITY, filed March 15, 1897, against the Old Colony Trust Company, the Boston Cordage Company, Charles H. Pearson, Charles Davis, and Edward M. Fulton, to recover damages caused by an alleged participation by the defendants in a wrongful conversion of certain shares of stock by one Frank T. Wall, the plaintiff's copartner.   The bill was dismissed for want of service as against all the defendants except the Old Colony

Trust Company and Pearson, each of whom demurred to the bill. There was a hearing before *Barker*, J., who reserved the case for the consideration of the full court.

The case was argued orally before Chief Justice *Field* and Justices *Morton*, *Barker*, and *Hammond*, Mr. Justice *Holmes* having withdrawn on account of interest. Afterwards, Chief Justice *Field* having become disabled by illness, Justices *Knowlton* and *Lathrop* were called in under Rule 41, neither party making objection.

On October 19, 1899, the demurrers were sustained by the decision of the full court, reported in 174 Mass. 340, on the ground that the bill did not set forth that the defendants knew that Frank T. Wall was acting without the consent of his copartners in doing the acts which constituted a conversion by him of the plaintiff's property.

On January 5, 1900, the plaintiff moved for an order that she might apply to the court on or before the first Tuesday of April, 1900, for leave to amend her bill without being deemed guilty of laches in making such application. This was granted by *Hammond*, J. on January 6, 1900.

On March 22, 1900, she applied for and obtained from *Hammond*, J. an extension of the time for application for leave to amend her bill until May 1, 1900.

On April 25, 1900, the plaintiff filed a motion for leave to amend her bill.

On May 11, 1900, the motion for leave to amend the bill was denied by *Barker*, J.

On May 22, 1900, at the hearing upon the final decree the plaintiff objected to the entry of the same. On the same day the final decree was entered in accordance with the rescript, sustaining the demurrers of the Old Colony Trust Company and Charles H. Pearson, defendants, and ordering that the plaintiff's bill be dismissed with costs.

On June 4, 1900, the plaintiff filed an appeal from such final decree.

*L. L. Scaife*, for the plaintiff.

*L. S. Dabney & J. R. Dunbar*, for the Old Colony Trust Company.

*M. Storey*, for Pearson.

KNOWLTON, J.   A former decision on the bill and demurrers in this case is reported in 174 Mass. 340.   The case now comes before us on an appeal from the final decree entered by a single justice in accordance with the rescript sent down by this court. At the former hearing before the full court on December 8, 1898, Mr. Justice Holmes, being interested, withdrew, and the argument proceeded before four justices, — a bare quorum of the court.   Pub. Sts. c. 150, § 2.   Before the case was decided, Chief Justice Field, one of the sitting justices, became incapacitated by illness, and on July 15, 1899, he died.   Rule 41 of this court is as follows: " Whenever the justices before whom a law question has been heard shall so desire, others of the justices may be called in to take part in the decision, upon a perusal of the record and briefs, without a formal reargument; unless one of the parties make objection at the argument."   By Rule 38 this provision is made applicable to suits in equity. Under this rule the other justices were called in, and, after careful and extended consideration by the five, the case was decided on October 19, 1899.   On this appeal the plaintiff contends that she was deprived of her constitutional rights by the participation in the decision, of justices who heard the case only upon the printed record and the printed briefs of counsel.

We should hesitate to say that there is anything in the constitution, either of this State or of the United States, which expressly or impliedly prevents a court of last resort from prescribing absolutely by rule, that arguments upon questions of law, brought from an inferior tribunal, shall be presented only in writing or in print.   Under such a rule it is hard to see how a party who has such a brief as is usually prepared would leave unpresented anything of importance to his case, or would lack anything that an oral argument could give, unless it might be his attorney's persuasiveness of manner to add force to his words. But the case presents no question of this kind, for this court never has attempted to deprive any one of the right or privilege of arguing orally.   Not only are oral arguments always heard before a quorum of the court, unless such arguments are expressly waived, but counsel may, if they choose, secure a right to be heard orally before all the justices who participate in the judgment, if for any reason it becomes necessary, as it sometimes

does, for other justices to be called in in order that the judgment may be concurred in by a majority of the whole court. It is the common practice of counsel to prepare elaborate briefs containing a statement of all the authorities on which they rely, and all propositions of law and fact which they deem important for an effective presentation of their case. The plaintiff's brief, which was considered by the justices on the questions heretofore decided in the present case, contained one hundred and twenty-three printed quarto pages.

We do not think that the case presents on this point any question of constitutional law, since it plainly appears that the plaintiff's constitutional right to be heard orally before all the justices who should participate in the decision, if she had such a right, was waived. Not only does the record show no objection under Rule 41, which has been published and in force for many years, and which must be presumed to have been known by the plaintiff's counsel, but her conduct since the argument emphasizes the conclusiveness of her waiver. On the death of Chief Justice Field it must have been apparent to her counsel that the case could not be decided without calling in other justices to obtain the concurrence of a quorum of the court. After the decision had been made known, the plaintiff's counsel presented to the justices an application for a rehearing. Such an application has no standing under our laws as a recognized part of our procedure, but is received only as friendly information to the justices of an oversight or manifest error, which in the opinion of the justices should call for correction or reargument. Argument is not heard upon such an application, nor should the application itself contain any argument, but it should suggest the error relied on. Reference to the application in this case shows that it contained no suggestion of an intention to contend that the plaintiff had been deprived of a constitutional right by the participation in the decision of two justices who considered the case only on the record and the printed briefs. This application having been denied, the plaintiff next moved to amend her bill, which motion was denied for reasons which are not stated on the record and which must be deemed to have been sufficient. There was then a hearing on the motion for a final decree in accordance with the rescript, and a decree was

entered by a single justice. Not until the case came up for argument before the full court on this appeal was there any statement or suggestion that the plaintiff claimed a right to have her case decided by judges, all of whom heard the oral arguments of her counsel. That a right of the kind now claimed may be waived by the act or neglect of a party is familiar law. *Foster* v. *Morse,* 132 Mass. 354. *Bailey* v̇. *Joy,* 132 Mass. 356. *Coulter* v. *Weed Sewing Machine Co.* 3 Lea, (Tenn.) 115. We think it plain upon the record that the plaintiff must be deemed to have waived her rights in this particular.

The plaintiff contends that although the questions of law in the case were fully argued and considered on the bill and demurrers and were decided by the full court, they are all involved in the final decree from which she has appealed, and that they are now open for further argument and consideration. Although she has not asked nor attempted to reargue them orally, she has presented a very elaborate printed brief, in which her counsel discusses them at great length. At the argument on the bill and demurrers no question of constitutional law was raised and we do not see that the case now presents any such question which needs consideration. We see nothing in it which calls for a departure from the ordinary rule that, except for peculiar reasons, the court will not hear reargument on questions of law which have been heard and decided before the full court at an earlier stage of the same case. *Pingree* v. *Coffin,* 12 Gray, 288, 324. *Winchester* v. *Winchester,* 121 Mass. 127, 130. *Lincoln* v. *Eaton,* 132 Mass. 63, 69. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 164.

We may add, however, that we remain satisfied with our former decision. If we assume that the averments of the bill, if proved, would entitle the plaintiff to pursue her property and recover it from the defendants if it was in their possession, or even to recover the value of it as damages for a conversion if they had received it from either of the other parties and disposed of it, this falls far short of showing that she is entitled to relief on the facts disclosed. Neither of these defendants had anything directly to do with the conversion relied on, whether it be a conversion on one day or on another day. One of them was interested as a trustee, and the other under a different con-

tract, in property which was purchased by the National Cordage Company, for which a small part of the consideration given in payment was the stock belonging to the firm of William Wall's Sons. On the face of the transaction, this use of the stock was, at the worst, a possible wrong upon the plaintiff only because it might be unauthorized by her. So far as the bill states, the defendants had no reason to believe that the managing partner, in assigning the stock, was intentionally acting against the interest of the partnership, and they had no reason to believe that he was acting without the knowledge and approval of his copartners. That a person receiving the stock would be so far put upon inquiry by the facts averred as to take the property subject to the rights of the plaintiff, if it turned out that the assignment was unauthorized by her, is a proposition very different from the contention that a person who knew the facts which the defendants knew, who was not one of the parties effecting the conversion, and whose interest in the transaction was only collateral, through its connection with another independent transaction, is so far chargeable with knowledge of an actionable wrong, and with participation in it, as to be liable in damages for the act of another.

*Decree affirmed.*