CLARK POWERS *vs.* MALCOLM E. STURTEVANT.

Suffolk.    December 8, 1908. — January 6, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil,* Application for rehearing before full court.    *Judgment,* Entry of.
*Superior Court.    Supreme Judicial Court.*

A judge of the Superior Court in the exercise of his discretion may order judgment to be entered in accordance with a rescript issued by this court, although an application for a rehearing on account of a supposed error of law in the decision of the case by the full court has been sent to the Chief Justice of this court and the receipt of it has been acknowledged with a statement that it will be considered by the justices at their next meeting for consultation, the time for which has not arrived.

If, after the receipt of an application for a rehearing in a case which has been decided by this court, the justices do not recall the rescript or otherwise suggest a postponement of action by the lower court, the action of that court should be governed by the rule stated in *Shannon* v. *Shannon,* 10 Allen, 249, which leaves the question of postponing the entering of judgment for the purpose of affording the unsuccessful party an opportunity for a re-argument before this court to be determined by the trial judge in the exercise of his discretion, and his refusal of an application for such a postponement furnishes no ground for exception.

KNOWLTON, C. J.    This is an appeal by the defendant from an order of the Superior Court that judgment be entered for the plaintiff.    The appeal is founded upon the fact that an application for a rehearing, on account of a supposed error in law in the decision of the case by the full court, had been sent to the Chief Justice, and the receipt of it had been acknowledged, with a statement that it would be considered by the justices at their next meeting for consultation.    The application was sent in July, and the next meeting of the justices was to be on the first Tuesday of September.

The defendant seemingly misapprehends the standing of a case after a final decision of it by the full court upon questions of law.    On this subject Chief Justice Gray said, in the opinion in *Winchester* v. *Winchester,* 121 Mass. 127, 129, " The practice of that court [the English Court of Chancery] affords no rule to govern a court of last appeal, whose judgments have the strongest presumption in their favor, and cannot be freely reconsidered

without unreasonably protracting litigation and disregarding the claims of other suitors to the attention of the court.

"After final judgment in the House of Lords, or in the Judicial Committee of the Privy Council, no rehearing is allowed, unless for the purpose of correcting mistakes in the form of the decree. . . . In the Supreme Court of the United States, no rehearing of a case once decided is granted, nor even an argument permitted upon the question whether a rehearing should be had, unless the court, upon inspection of the petition for a rehearing, sees fit so to order. . . . And this court, for some years past, has conformed to that practice, as essential to the discharge of its increasing business." He supports his statements as to the practice in England and in the Supreme Court of the United States by numerous citations. A similar practice prevails generally in the courts of· last resort in the States of this country, although there are two or three, and possibly more, in which applications for a rehearing of questions of law are entertained and arguments heard upon them. The application in *Winchester* v. *Winchester, ubi supra,* was on the ground that a decree had been entered erroneously as by consent of the parties, when in fact there was no consent. The court received the application without hearing argument upon it, and announced a decision refusing a rehearing. In cases of applications for a rehearing on the ground of a supposed error of the full court, it has been the practice, for many years, not to treat them as having any standing as a part of the legal procedure in the case. They are not recognized by our statutes. They cannot be made as a matter of right, and they are not entered upon the records of the court unless the justices, in their discretion, think· they ought to be.

Of course there is a possibility of error in a decision by the most learned and painstaking court in the world. The justices of the Supreme Court of the United States, and of other distinguished tribunals, are often nearly evenly divided in opinion upon a difficult question of law. But when a decision is made, after a court's best efforts to reach a correct conclusion, it ought not to be open to revision merely because it seems to the defeated party to be wrong. On the other hand, if by any accident, oversight or inadvertence a wrong conclusion should be reached in any case, the judges who made the decision presum-

ably would be more desirous than any one else to correct the error. Accordingly, in such a case they would welcome a suggestion in the interest of justice, from anybody, at any time while they have power to revise the decision. The practice of the court in reference to such suggestions from a party is stated in *Wall* v. *Old Colony Trust Co.* 177 Mass. 275, 278, as follows: "Such an application has no standing under our laws as a recognized part of our procedure, but is received only as friendly information to the justices of an oversight or manifest error, which in the opinion of the justices should call for correction or re-argument. Argument is not heard upon such an application, nor should the application itself contain any argument, but it should suggest the error relied on." If such a suggestion indicates an error, the court, of its own motion, will do anything in its power to accomplish justice and protect the rights of the parties. But happily there is seldom occasion to do anything of this kind, and it would be likely to work injustice rather than justice, to permit a party, by presenting such an application, to postpone as of right the entry of final judgment, after a case has been through all the earlier stages of litigation, and has been finally decided with due deliberation by the court of last resort. If the justices, after receiving such an application, do not recall the rescript, or otherwise suggest a postponement of action by the lower court, the action of that court should be governed by the rule stated in *Shannon* v. *Shannon*, 10 Allen, 249, in these words: "The application to the court holden by a single judge, to postpone entering a judgment, for the purpose of affording the party an opportunity for a re-argument upon a case already decided by the full court, was a matter within the discretion of the judge, and his ruling refusing such application does not furnish any ground for a bill of exceptions." On the face of the record the case was ripe for judgment, and there was no error of law in making the order.

*Judgment affirmed.*

*W. Keyes*, for the defendant.

*S. L. Whipple, W. R. Sears & H. W. Ogden*, for the plaintiff, submitted a brief.