IDA F. TOLMAN & another *vs.* BRADSHAW S. TOLMAN & others.

Middlesex.    March 30, 1916. — June 21, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Equity Pleading and Practice,* Waiver of right to appeal.  *Attachment,* In equity.
   *Execution,* Under attachment in equity.

Where in a suit in equity with the assent in writing of the attorneys for the par-
   ties a decree is entered containing the recital, "the plaintiff and the defend-
   ant . . . severally waiving their rights to appeal therefrom," the right of
   appeal is waived under R. L. c. 159, § 34, and there can be no appeal from such
   a decree.
Under R. L. c. 167, § 56, which provides that "Property which has been attached
   in suits in equity shall be held for thirty days after the right of appeal from a
   final decree expires," where there is no right of appeal the right to levy execu-
   tion under an attachment expires thirty days after the decree.

PETITION, filed in the Superior Court on January 3, 1913, for
the partition of three parcels of land, one in Newton and the
other two in Waltham, in which the petitioner claimed to own
two individed third parts.

The case was heard by *Hitchcock,* J., without a jury.  The
only issue that was tried before him was between the petitioner
Ida F. Tolman and the respondent H. Adelaide Hovey as to which
of them was entitled to the one third interest in the property in
question that formerly was owned by Bradshaw S. Tolman.

It became material to determine whether Bradshaw S. Tolman
had waived his right of appeal from a decree made on July 6, 1910,
in a suit in equity brought against him and John A. Tolman by
George E. Tolman of Everett, the petitioner's predecessor in title,
because on August 27, 1910, George E. Tolman seized on an
execution under the attachment in that suit all the interest of
Bradshaw S. Tolman in the three parcels of land in question.  By
deed of October 9, 1907, Bradshaw S. Tolman had conveyed to
H. Adelaide Hovey all his right, title and interest in the three
parcels of land, subject to the attachment in pursuance of which
the execution was levied.

There was put in evidence the following stipulation filed in
that suit and signed by the attorneys for the plaintiff and by

the attorney for the defendants: "It is hereby stipulated and agreed that on July 1, 1910, a final decree may be entered for the plaintiff against the defendant, Bradshaw S. Tolman, in the sum of Four Thousand Eight Hundred and Twenty-seven and 64/100 (4827.64) Dollars with interest thereon from May 1, 1904, and with costs."

On July 6, 1910, the following decree was entered in that suit: "This cause came on to be heard at this sitting upon the application of the plaintiff for the entry of a final decree in accordance with the stipulation filed herein on or about December 21st, 1909, and thereupon, it appearing that the plaintiff and the defendant Bradshaw S. Tolman consented thereto, and the plaintiff and the defendant Bradshaw S. Tolman severally waiving their rights to appeal therefrom, it was and is ordered, adjudged and decreed that the defendant Bradshaw S. Tolman pay forthwith to the plaintiff the sum of Six Thousand, Four Hundred and Sixty-two 69/100 (6462.69) Dollars damages and that execution in the common form issue therefor." This decree was assented to in writing by the attorneys for the plaintiff and by the attorney for Bradshaw S. Tolman.

The petitioner asked the judge to make the following rulings:

"2. The petitioner Ida F. Tolman is the owner in fee simple of two undivided third parts of the land described in the petition."

"4. The attachment of the interest of Bradshaw S. Tolman had not lapsed on August 27, 1910.

"5. The decree of July 6, 1910, was not a 'consent' decree.

"6. It was open to either party to appeal from the decree of July 6, 1910.

"7. There is a right to appeal within the meaning of R. L. c. 167, § 56, even though the parties have made an agreement waiving the appeal.

"8. R. L. c. 167, § 56, prescribed a period of sixty days in which property attached should be held.

"9. There was not a waiver of appeal within the provisions of R. L. c. 159, § 34."

The judge refused to make any of these rulings, and made the following rulings:

"1. The attachment on December 16, 1905, of all the right which Bradshaw S. Tolman had in and to any real estate in the county

of Middlesex was a valid attachment of his undivided one third interest in the real estate in question.

"2. The stipulation filed in the equity suit against Bradshaw S. Tolman on December 21, 1909, which was signed by the attorney of Bradshaw S. Tolman, and the final decree which was entered on July 6, 1910, in conformity with the terms of the stipulation, constituted a decree which was consented to.

"3. The entry of the final decree, containing a recital therein that 'the plaintiff and the defendant Bradshaw S. Tolman severally waiving their rights to appeal therefrom,' was a sufficient entry of such waiver on the docket under the provisions of R. L. c. 159, § 34.

"4. There being no right of appeal from a decree consented to, and any right of appeal having been waived, and the decree having further provided 'that execution in common form issue therefor,' such execution could have been lawfully issued immediately after the entry of said final decree.

"5. The attachment against Bradshaw S. Tolman continued in force until the expiration of thirty days after the entry of said final decree, and, no levy having been made upon the property so attached within said thirty days, all rights under the attachment terminated at the expiration of said thirty days after July 6, 1910.

"6. The attempted levy and sale under the execution which was issued on August 6, 1910, was properly conducted, and if the same had been seasonably made would have been valid, and would have conveyed to George E. Tolman the undivided one third interest in said property which was owned by Bradshaw S. Tolman at the time of the attachment on December 16, 1905."

The petitioner excepted to all the rulings made by the judge except the first and sixth.

The judge made the following order for judgment:

"1. The petitioner Ida F. Tolman is entitled to have partition made as prayed for, and to have her interest in the premises described in her petition set out to her.

"2. The rights of all parties interested in the premises are as follows: Ida F. Tolman, one third; John A. Tolman, one third; and H. Adelaide Hovey, one third.

"3. That three commissioners be appointed and a warrant issued to them to make said partition."

The petitioner Ida F. Tolman alleged exceptions.

*J. B. Studley,* for the petitioner Ida F. Tolman.

*G. L. Mayberry,* (*F. A. Jenks* with him,) for the respondent Hovey.

LORING, J. The decree in question contains this recital: "the plaintiff and the defendant Bradshaw S. Tolman severally waiving their rights to appeal therefrom." That recital brings that decree within the provision of R. L. c. 159, § 34. A party to such a decree has caused an entry of his waiver of an appeal to be made on the docket within the provisions of that act. From such a decree there is no appeal. *Winchester* v. *Winchester,* 121 Mass. 127. See also in this connection *Washington National Bank* v. *Williams,* 188 Mass. 103.

It follows that the attachment had expired when execution was taken out more than thirty days after the date of the decree. Pub. Sts. c. 161, § 53. R. L. c. 167, § 56.

We find nothing in the cases relied on by the petitioner requiring special notice.

*Exceptions overruled.*