EMMA K. PEPPER *vs.* OLD COLONY TRUST COMPANY, executor.

Suffolk.    March 17, 1925. — May 22, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court,* Vacation of decree, Finding by judge.

A will was allowed after a protracted hearing in which the contestant contended and introduced evidence that the signature of the testator was a forgery, and the authenticity of the signatures of the attesting witnesses was questioned, but without much examination and testimony of witnesses. The contestant appealed but his appeal was dismissed for failure to prosecute it. He then filed a petition, based on alleged newly discovered evidence of forgery of the name of the testator and of all of the witnesses to the will, seeking to vacate the decree, and sought from the same judge, who formerly had heard the case and all the evidence and who had ordered the decree, permission to prove the alleged forgeries in the presence of the judge by the application of chemicals to the ink in the signatures and the examination of such

signatures under a compound microscope. The judge refused the permission and dismissed the petition. The petitioner appealed and the record before this court included all the proceedings upon the petition to vacate and incorporated portions of the evidence at the original hearing agreed to by the parties. *Held*, that it could not be said rightly that the rejection of the chemical experiment was clearly wrong.

PETITION, filed in the Probate Court for the county of Suffolk on October 29, 1924, that a decree entered by that court on April 5, 1924, admitting to probate the will of Rufus E. Lawrence and appointing the respondent executor, be vacated.

Proceedings before the Probate Court at the hearing of the petition by *Dolan*, J., are described in the opinion. A stenographer was appointed under G. L. c. 215, § 18.

The judge stated: "No, I wouldn't be satisfied on . . . evidence [of the proposed expert after the test by chemicals proposed] that it [the signatures of the testator and of the witness] was a forgery even if he testified to that. I have heard the direct evidence of the witnesses; I have seen them and observed them; I believe that two of them were even reluctant in giving testimony in favor of that will — Mr. Feldman and Mr. Katz — I believe what little they did to sustain the will they did reluctantly, although they had previously signed affidavits in favor, and when they testified, it was very significant that they should give it, that that paper at the time was snatched away from them and he didn't want them to read it; it was a perfectly natural emotion on the part of Mr. Lawrence not to have a stranger read his will, and everything taken together — not a shred of evidence against that woman who was accused of undue influence — I cannot feel I ought to exercise any discretion in favor of a test which would not satisfy me against what I heard and saw with my own eyes in that trial, and I think rather than have you go to the expense of having him here again I will deny the request for tests and I will deny the petition."

From a decree dismissing the petition, the petitioner appealed.

The case was submitted on briefs.

*M. W. Cottle,* for the petitioner.

*S. H. Pillsbury & S. E. Gifford,* for the respondent.

PIERCE, J.    This is an appeal from a decree of the Probate Court for the County of Suffolk, entered December 5, 1924, denying a petition to vacate a decree of said court entered on April 5, 1924, admitting to probate the will of Rufus E. Lawrence which purported to have been executed on April 22, 1922.

December 20, 1922, the executor, Old Colony Trust Company, filed a petition for the probate of the said will.    After a protracted hearing of several days at which the present appellant (the then contestant) was represented by counsel, the court entered a decree allowing the will.    With the entry of the decree the judge made these findings of fact: "The testator spread the instrument upon a table or desk and in the presence of the three witnesses started to sign his name with his fountain pen, the pen ran dry before he concluded his signature; he called to Mrs. Stillings for ink, but the witness Feldman offered his fountain pen which the testator took and used to complete his signature.    The three witnesses then signed their names to said instrument with Mr. Feldman's pen in the presence of the testator and of each other."    The contestant appealed and her appeal was dismissed on November 13, 1924, for her failure to perfect the same.

October 29, 1924, the appellant filed in the Probate Court this petition praying that the decree of April 5, 1924, be vacated because of newly discovered evidence which, she alleged, would establish that the signatures of the testator and of all three of the attesting witnesses were forgeries and that the instrument admitted to probate was not the one which the testator had actually signed on April 22, 1922. At the hearing on the petition to probate the will the validity of the signature of the testator was directly attacked as being a forgery; and the signatures of the witnesses were questioned, but without much examination or testimony of witnesses.    At this hearing the judge refused to allow a chemical analysis of all the writings on the will other than the typewriting.    At the hearing on the petition to vacate the decree the petitioner contended that signatures of the wit-

nesses, as well as the signature of the testator, were forged, and offered to prove the alleged fact in the presence of the judge by the application of chemicals to the ink in the signatures, and the examination of such signatures under a compound microscope. The judge refused to permit the experiment and the only question before this court on the present appeal is, Was such action a failure to exercise judicial discretion?

After a careful examination of the evidence reported in the record, we think it cannot be said rightly that the rejection of the chemical experiment was clearly wrong. *Commonwealth* v. *Tucker*, 189 Mass. 457. *Dow* v. *Bulfinch*, 192 Mass. 281. *McCarthy* v. *Curry*, 240 Mass. 442. The judge saw the witnesses at the trial and was satisfied that notwithstanding the additional evidence the decree ought to stand. *Powers* v. *Bergman*, 210 Mass. 346.

*Decree affirmed.*