EMMA K. PEPPER *vs.* OLD COLONY TRUST COMPANY, executor.

Suffolk. November 16, 17, 1927. — March 2, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Probate Court,* Jurisdiction, Petition to vacate decree.

A petition to revoke a decree of a probate court admitting a will to probate, which had been affirmed on appeal to this court, was based on an offer to prove that the signatures of the alleged testator and of all the witnesses were forgeries. The same contention previously had been heard by the court and adjudicated against the petitioner. The petition was dismissed for lack of jurisdiction. *Held,* that the dismissal was proper; following *Renwick* v. *Macomber,* 233 Mass. 530, 534.

PETITION, filed in the Probate Court for the county of Suffolk on January 26, 1927, to vacate a decree of that court entered on April 5, 1924, allowing the will of Rufus E. Lawrence, late of Chelsea.

Proceedings in the Probate Court were before *Dolan,* J., and are described in the opinion. The petitioner appealed from a decree dismissing the petition.

*M. Caro, (G. F. Tucker & M. W. Cottle* with him,) for the petitioner.

*S. E. Gifford,* for the respondent.

CROSBY, J.    This is an appeal from a decree of the Probate Court for Suffolk County denying a petition to vacate a decree of that court which admitted to probate the will of Rufus E. Lawrence, purported to have been executed on April 22, 1922.

On December 20, 1922, the Old Colony Trust Company, as executor, filed a petition for the probate of the will, and on April 5, 1924, after a full hearing at which the present appellant, then the contestant, was represented by counsel, the court entered a decree allowing the will, and the contestant appealed; the appeal was dismissed by the Probate Court on November 13, 1924, for failure to perfect it. On October 29, 1924, the appellant filed in the Probate Court a petition praying that the decree of April 5, 1924, be vacated because of newly discovered evidence, which, she contended, would establish that the signatures of the testator and all three of the attesting witnesses were forgeries, and that the instrument admitted to probate was not the one signed by the testator on April 22, 1922. At the hearing on this petition the validity of the signatures of the testator and of the attesting witnesses was attacked, but the judge was satisfied that the decree should stand, and on December 5, 1924, entered a decree dismissing the petition, from which the appellant appealed. On May 22, 1925, this court affirmed the decree. *Pepper* v. *Old Colony Trust Co.* 252 Mass. 532. The present petition to vacate the decree of April 5, 1924, was filed in the Probate Court on January 26, 1927, and was heard on April 5, 1927, by the judge who had entered the decree admitting the will to probate, and who had also entered the decree of

December 5, 1924, dismissing the petition to vacate the decree of April 5, 1924. The hearing was had upon the petition and affidavits thereto annexed, and on an offer of proof made by counsel for the petitioner. The petition was denied. The judge filed no findings of fact nor report of the evidence. After hearing, and at the conclusion of the petitioner's offer of proof, he stated: "I have no doubt on the subject matter at all, and I will deny the petition and dismiss it." He further stated "I make the ruling under the *Renwick* v. *Macomber* case, and if in any aspect it is a matter of discretion and in the exercise of my discretion, I will exclude it."

The present petition to vacate the decree of April 5, 1924, admitting the will to probate was rightly denied. The Probate Court was without jurisdiction to set aside that decree. The question whether the will was duly executed was raised at the original hearing. The contention was made at the hearing on the first petition filed to vacate the original decree, which was affirmed by this court in *Pepper* v. *Old Colony Trust Co.*, *supra*, that the signatures of the testator and of the witnesses were forgeries. The appellant contends that she has further evidence tending to show that the signatures of the testator and of the witnesses were forgeries. As the issue of the due execution of the will has been fully heard and determined, it cannot be opened anew in this proceeding. "The suppression or concealment of material facts as distinguished from the introduction of false and fabricated testimony does not, and in principle should not, change the accepted rule of public policy that litigation should cease when parties have had a day in court." *Renwick* v. *Macomber*, 233 Mass. 530, 534. The appellant in this proceeding seeks to introduce further evidence upon the same question as has been decided adversely to her by this court. As the Probate Court was without jurisdiction to vacate the decree of April 5, 1924, the present petition cannot be maintained. *Renwick* v. *Macomber*, *supra*. *Wright* v. *Macomber*, 239 Mass. 98. *Burgess* v. *Burgess*, 256 Mass. 99. *Fuller* v. *Fuller*, 261 Mass. 82.

There is nothing in the cases cited by the appellant in conflict with what is here decided.

As the judge of probate was without jurisdiction to set aside the original decree allowing the will, his refusal to receive testimony of witnesses produced by the petitioner was not error. For the same reason the question, whether the judge had power to dismiss the petition as matter of judicial discretion does not arise. The refusal of the probate judge to receive additional evidence was not erroneous. See *Pepper* v. *Old Colony Trust Co., supra.* The cases of *Linehan* v. *Linehan,* 223 Mass. 297, and *Fidelity & Casualty Co.* v. *Withington,* 229 Mass. 537, are petitions brought under R. L. c. 162, § 13, for a late entry of an appeal and are not applicable to the facts appearing in the case at bar. The motion of the respondent for an allowance for costs and expenses under G. L. c. 215, § 45, in addition to $100 allowed in the decree, is denied.

*Decree affirmed.*