EMMA K. PEPPER *vs.* OLD COLONY TRUST COMPANY.

Suffolk.    March 4, 1929. — September 11, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Probate Court,* Appeal; Decree: motion to vacate; Costs.  *Supreme Judicial Court.*

On an appeal from a decree of a probate court denying a third petition filed in September, 1928, by one contesting the allowance of a will that a decree, entered in April, 1924, be vacated because of alleged newly discovered evidence that the signature on the will and the signatures of the witnesses were forgeries, it appeared that there had been hearings on two previous petitions of the same tenor, that the case twice had been before this court on matters relating to such petitions, and that the petitioner on the present appeal presented no argument requiring consideration not already settled by previous decisions in proceedings to which he was a party, and it was *held,* that the decree of the Probate Court be modified by adding costs and expenses of this appeal, to be determined by the Probate Court, and, as thus modified, it was affirmed.

An award of costs to the respondent by the Probate Court in the sum of $100, in the circumstances above described, was authorized by G. L. c. 215, § 45, and was not error.

An application to this court for reargument of a case decided has no standing under our laws as a recognized part of our procedure but is received and considered by the court as friendly information to the justices of an oversight or manifest error which should call for correction or reargument.  Per RUGG, C.J.

No Federal question was presented by the record in the circumstances above described.

If the record should be construed as presenting the question, whether the petitioner by the decree of the Probate Court had been deprived of property without due process of law, it appeared that the petitioner had not been so deprived.

PETITION, filed in the Probate Court for the county of Suffolk on September 17, 1928, that a decree entered by that court on April 5, 1924, admitting to probate the will of Rufus E. Lawrence, late of Chelsea, be vacated.

Proceedings in the Probate Court before *Dolan,* J., are described in the opinion. The petition was denied, with costs to the respondent in the sum of $100. The petitioner appealed.

*M. W. Cottle,* for the petitioner.

*S. E. Gifford,* for the respondent.

RUGG, C.J. The main prayer of this petition is that the "decree made and entered in Suffolk Probate Court on April 5, 1924, admitting to probate the alleged will of Rufus E. Lawrence, be vacated." Further incidental and general relief is sought, but that is all subsidiary to the one essential prayer. The long petition recites alleged newly discovered evidence as ground for the relief prayed for.

The facts pertinent to the grounds of this decision are:

An instrument purporting to be the will of Rufus E. Lawrence, deceased, late of Chelsea, with petition for its allowance, was presented to the Probate Court for Suffolk County. Full hearing was had on this petition, at which the present petitioner was contestant and was represented by counsel. A decree was entered, allowing the will as the last will of the decedent, on April 5, 1924. The contestant, the present petitioner, appealed from that decree, but more than seven months later that appeal was dismissed for failure to perfect it. On October 29, 1924, the present petitioner filed her first petition to vacate the decree of April 5, 1924, allowing the will. That first petition set out the discovery of "new and important evidence" tending to show that the signature on the instrument admitted to probate as the will was not that of the decedent, but that his name was signed by some

other person, and that the signatures of all the witnesses thereon were forgeries. That case was presented to the Probate Court on the petition and affidavits and testimony given by the attesting witnesses and certain others at the time of the trial of the petition for the probate of the will. On that record is the testimony of a handwriting expert. Manifestly there was a full hearing. The petition was dismissed on its merits. The petitioner appealed. On that appeal the record brought before this court covered more than two hundred printed pages. The decision on that appeal, rendered in May, 1925, affirmed the decree dismissing the petition and is reported as *Pepper* v. *Old Colony Trust Co.* 252 Mass. 532. It appears in that opinion, page 534, that at "the hearing on the petition to probate the will the validity of the signature of the testator was directly attacked as being a forgery; and the signatures of the witnesses were questioned, but without much examination or testimony of witnesses." In January, 1927, the petitioner filed a second petition to vacate the decree of April 5, 1924, allowing the will. That petition also was denied and appeal was taken to this court. In the decision of that appeal, in March, 1928, *Pepper* v. *Old Colony Trust Co.* 262 Mass. 570, 572, it appears that the hearing before the trial judge was upon the "petition and affidavits . . . and on an offer of proof made by counsel for the petitioner," and the petition was dismissed both as matter of law and as matter of discretion. The decree dismissing that petition was affirmed on the ground that the ruling of law was right. The exercise of judicial discretion, although not there made the basis of decision, would also have been decisive that the decree was right as appears in 252 Mass. at page 535. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495–502. *Commonwealth* v. *Marrelli*, 266 Mass. 113.

Thereafter the petitioner made application for reargument by letter to the Chief Justice. Such an application has no standing under our laws as a recognized part of our procedure but is received and considered by the court "as friendly information to the justices of an oversight or manifest error, which in the opinion of the justices should call for correction

or reargument." *Wall* v. *Old Colony Trust Co.* 177 Mass. 275, 278. *Powers* v. *Sturtevant,* 200 Mass. 519. *Brooks* v. *Secretary of the Commonwealth,* 257 Mass. 91, 95. That application, after consideration by the court, was denied, although certain minor changes in phraseology not affecting the reasoning or result were made in the opinion.

The present, being the third, petition to vacate the decree of April 5, 1924, allowing the will of the decedent, was filed in September, 1928. At the hearing on this petition the judge directed attention to testimony of the handwriting expert of the petitioner, concerning the signatures on the will, given at the hearing on the first petition. The request, said then to have been for continuance to enable further examination of exhibits by this witness, was addressed to the discretion of the judge. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 16. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 378. It is also stated in this record that at the hearing of the first petition the trial judge granted the petitioner's requests for rulings presented in various forms to the effect that he had jurisdiction to vacate the decree of April 5, 1924, upon presentation of newly discovered evidence that the will was a forgery. Manifestly his decree denying that petition was based upon a finding that there was no forgery. This present petition was denied and decree to that effect entered, but no findings were filed. There was no error in this. The petitioner presents no argument requiring consideration not already settled by previous decisions in proceedings to which she was a party. *Clark* v. *McNeil,* 246 Mass. 250, 257. *Burgess* v. *Burgess,* 256 Mass. 99. *Fuller* v. *Fuller,* 261 Mass. 82. The reconciliation of *Waters* v. *Stickney,* 12 Allen, 1, and *Renwick* v. *Macomber,* 233 Mass. 530, if any be needed, is not open to the petitioner at this stage.

This narration of the history of the litigation concerning the allowance of the will of the decedent speaks for itself. It seems to us to demonstrate that every reasonable opportunity has been afforded the petitioner to have her contentions fully heard and fairly decided. She had her day in court at the original hearing on the proof of the will. Every issue was then open to her. If any error of law then was

committed, she omitted to have it corrected by her own failure to prosecute her appeal from the decree allowing the will. Her first petition for vacation of that decree was heard on its merits and denied, and decree to that effect was affirmed on appeal. Her second petition to vacate the decree allowing the will was denied as matter of law and decree to that effect was affirmed on appeal. That petition was also denied as matter of discretion. Her third petition was rightly denied.

There comes a time in every controversy when litigation must end. That is for the interests both of the parties and of the public. The law condemns successive hearings of the same point once decided after proceedings under settled practice not vitiated by any error. "The policy of the law requires that litigation be terminated within a reasonable time and not protracted at the mere option of the parties. See *United States* v. *Mayer,* 235 U. S. 55, 70." *Exporters of Manufacturers' Products, Inc.* v. *Butterworth-Judson Co.* 258 U. S. 365, 369. Our own decisions are clear and numerous to the same effect. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 48. *Thorndike, petitioner,* 257 Mass. 409, 411. *Field* v. *Field,* 264 Mass. 549. *Barringer* v. *Northridge,* 266 Mass. 315, 320, and cases there collected. The time has been reached in the case at bar when, for the public welfare and the good of the parties, this litigation ought to cease.

The award of costs to be paid to the executor by the petitioner was not error. It was authorized by G. L. c. 215, § 45. The words "costs and expenses" in that section are sufficiently broad to include the amount stated in the decree. *Sears* v. *Nahant,* 215 Mass. 234, and cases there reviewed. Under the practice and procedure in this Commonwealth costs may be awarded even though the court may be without jurisdiction over the cause on its merits. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 253, 255. *Carroll* v. *Berger,* 255 Mass. 132.

The purpose of this petition, avowed by counsel at the opening of the hearing before the probate judge, is "to take this matter to the United States Supreme Court." The statement was made, "we have raised in this petition of Emma K.

Pepper certain Federal questions on which we are relying in the hope that we may be able to secure a writ of certiorari from the United States Supreme Court after we have the decision of the court of last resort in this State."

The Federal question argued by the petitioner is that she has been deprived of property without due process of law.

We are unable to perceive that any Federal question is presented on this record. The petitioner has been given a full opportunity to be heard on all the issues properly raised. Her contentions have been decided upon settled principles of general law constantly followed by the courts of this Commonwealth and not necessarily involving the Constitution, laws, treaties or controlling rules of the United States. If that be so, no Federal question is involved. *Central Land Co.* v. *Laidley,* 159 U. S. 103, 112. *Twining* v. *New Jersey,* 211 U. S. 78.

If, however, we are wrong in thinking that no Federal question is involved, then we are of opinion that the petitioner has not been deprived of property without due process of law. On the points that no Federal question is involved, but that, if there is, no Federal right of the petitioner has been violated, we can add nothing to the discussion in *Duane* v. *Merchants Legal Stamp Co.* 231 Mass. 113, 125–129, which fully covers both points.

The decree of the Probate Court is to be modified by adding costs and expenses of this appeal, to be determined by the Probate Court, and as thus modified is affirmed.

*Ordered accordingly.*