*Northern District*

No. 4975
No. 4975A

## JENNIE O. ELLEFSEN
### v.
## EDNA W. MacCORMAC
### and
## ESTHER D. JORDAN
## MALDEN CO-OPERATIVE BANK TRUSTEE

(May 20, 1957)

*Present:* GADSBY, P. J., ENO AND CONNELLY, JJ.

*Connelly, J.* These are actions of contract brought by trustee writ by Jennie O. Ellefsen against Edna W. MacCormac, and Esther D. Jordan, defendants respectively in these cases, seeking to recover the proceeds of real estate of the defendants remaining in the possession of Malden Co-operative Bank, Trustee, after mortgage foreclosure proceedings, with Marjorie D. Campbell, Executrix of the Will of Elizabeth E. Cousins, appearing as intervening claimant in each case.

There was no testimony, but the plaintiff and the claimant filed an agreed statement of facts. The claimant asked that her rights to the proceeds of the

real estate be declared superior to the rights of the plaintiff but the trial judge denied her claim, and the cases are brought here in a consolidated report.

It is agreed by the plaintiff and the claimant that:

"1.   On May 8, 1952, the Probate Court for the County of Middlesex entered a decree in a proceeding in equity in the Estate of Elizabeth E. Cousins, a copy of which is annexed to the claim of Marjorie Doughty Campbell filed in this case.

2.   The property described in the deed recorded with Middlesex South District Registry of Deeds in Book 6957, Page 176, is located at 49 Lincoln Street, Malden, Massachusetts.

3.   On May 28, 1952, the defendants in said equity proceeding entered an appeal.

4.   On October 30, 1952, the appeal was dismissed for want of prosecution by decree of the Probate Court for Middlesex County.

5.   Execution issued in accordance with said decree on November 19, 1952. No levy has been made thereon and it has never been in any part satisfied.

6.   The said decree of the Probate Court of May 8, 1952, was recorded with the Registry of Deeds for the Southern District of Middlesex County on December 29, 1952.

7.   On February 13, 1953, the plaintiff, Ellefsen in a prior case made a real estate attachment in Middlesex County in an action in this court against Edna W. MacCormac and Esther D. Jordan.

8.   Thereafter on or about September 28, 1953, the property at 49 Lincoln Street, Malden, Mass., standing in the name of Edna W. MacCormac, was taken for foreclosure by the Malden Co-operative Bank. The mortgage held by the said bank was prior to any of the liens or attachments in issue in this proceeding.

9.   Malden Co-operative Bank foreclosed the property at 49 Lincoln Street by mortgagee's sale

on February 3, 1954, and realized at the sale $1,069.15 in excess of the mortgage debt and other proper charges and expenses.

10.  On May 21, 1954, the plaintiff, Ellefsen, in the present proceeding made an attachment by trustee process of goods, effects and credits of the defendants Edna W. MacCormac and Esther D. Jordan in the hands of Malden Co-operative Bank.

11.  This proceeding is now before this Court on the Trustee's Answer and claims thereunder to determine the parties to whom the amount of $1,069.15, held by the Trustee, should be paid."

Although the claimant had an execution on Nov. 19, 1952, no levy was made on the real estate of the defendant. She did not proceed according to G. L. c. 236, §4, which calls for the land being taken "forthwith" by an officer by depositing a copy of the execution in the Registry of Deeds with a memorandum thereon that the execution was in his hands for the purpose of taking the land of the defendant. She chose rather to file a copy of a probate court decree, dated May 8, 1952, which does not appear in the Report, apparently assuming that it created some kind of a lien. It may have been a notice to the world to beware, but we can find no statute that would warrant our stating that the filing of such a copy created a lien on the real estate. The claimant has no lien nor priority of claim on the proceeds in the hands of the trustee. The plaintiff, however, has established his priority over the claimant by attaching the proceeds by trustee process. These cases are governed by the law as found in such cases as *Whittemore v. Swain*, 198 Mass. 37, *Tolman v. Tolman*, 224 Mass. 501, *Moseley v. Moseley*, 240 Mass. 1, and *Horn v. Hitchcock*, 332 Mass. 643. See also related statutes, G. L. c. 223, §§59-60.

As there was no error in the denial of the claim of

the intervening claimant, the Report is to be Dismissed.

John L. McCarthy, for the Plaintiff.

Esther D. Jordan, for the Defendant.