Order accordingly.

---

PETER C. WESTERVELT and JACOB BRINKERHOOF, Executors of LEAH LOZIER, deceased, v. WILLIAM A. ACKERMAN and JANE his wife, and JACOB C. TERHUNE and DAVID L. VAN SAUN, Administrators of JOHN L. VAN SAUN, deceased.

The complainant, in a bill of interpleader, sets out the claims as exhibited to him, and he cannot be expected to do it with as much particularity as the complainants themselves might do. It is enough for him to satisfy the court that there are opposing claims, against which he is in equity entitled to protection until they are settled, so that he may pay with safety.

A bill of interpleader may be filed, although the claim of one of the claimants is actionable at law, and that of the other in equity.

It seems that a bill of interpleader will be sustained in cases where it is not absolutely necessary that the complainant should resort to equity for protection.

[Ex'rs of Lozier v. Adm'rs of Van Saun.]

It is no cause of demurrer to a bill of interpleader, filed by executors, that the bill prays relief, on the ground that the estate is likely to prove insolvent.

The fact that the particular amount due is not ascertained, does not take from the executors the character of indifferent stakeholders.

Nor is it a cause of demurrer to a bill of interpleader, that it is filed after judgment at law, no defence having been made against the recovery of judgment, where the whole or a part of the defence is equitable only.

By delaying to file his bill until after judgment, the complainant subjects himself to the burthen of bringing the money into court, but is not deprived of his right.

The bill of interpleader is not a proper remedy when the complainant has any personal interest in the question to be settled.

BILL OF INTERPLEADER. The cause came on for hearing, upon a demurrer filed by the defendants to the complainants' bill. The character of the bill and the grounds of demurrer are fully stated in the opinion of the chancellor.

*E. Vanarsdale,* for defendants, in support of the demurrer. He cited 5 *Mad.* 47 ; 4 *John. C. R.* 468 ; 20 *John. R.* 229 ; 3 *Term R.* 125 ; 4 *Wash. C. C. R.* 507 ; 1 *Eng. Con. Cha. R.* 347 ; 1 *Sim.* and *Stu.* 63 ; 1 *John. C. R.* 320, 465, 49, 91, 98 ; 2 *Ibid.* 230 ; 3 *Vesey,* 371 ; 5 *John. R.* 101 ; *Douglass,* 170.

*I. H. Williamson,* contra.

THE CHANCELLOR. The facts of the case are briefly these. One Leah Lozier, of the county of Bergen, being seized and possessed of real and personal estate, made her will in January, 1824. By her will, she gave one-third of her estate to her daughter, Ann Brinkerhoof, and the residue, as well real as personal, she gave to her executors, in trust, to sell and dispose of the same ; and the one-half of the moneys arising from the sale of the real estate, and the one-third of all other moneys which the executors should receive, she directed to be placed out on security, and the interest accruing therefrom to be paid, from time to time, to Jane Ackerman, wife of William A. Ackerman, (said Jane being the daughter of testatrix,) with such part of the principal as the executors should

deem necessary for the support of the said Jane Ackerman and her children and grand children ; and, during the life of said Jane, to be paid to her, on her receipt, and not to be in any way subject to the order or the debts of her said husband.

Leah Lozier died in March, 1833, leaving her said will unrevoked. After making the will, the testatrix sold the greater part of the real estate of which she was seized when she made her will—so that there was none for the executors to sell, after her death ; and the bill charges that she divided the money among her children or put the same out to interest for their use, in such manner and proportions as she thought right. To some of her daughters, she gave her own note for such portion, or part of such portion, as she considered they were entitled to ; and, in the case of her said daughter Jane, wife of the said William A. Ackerman, she gave to one Andrew Bush, the son-in-law of William and Jane Ackerman, her note for nine hundred and fifty dollars ; it being given, as the said William and Jane allege, in accordance with the intention manifested in the will, for the use of the said Jane Ackerman, and that the same might not be under the control of her said husband. Three hundred and forty dollars were paid on that note, in the life time of the testatrix, leaving due six hundred and ten dollars from the estate.

The bill further charges that Leah Lozier, the testatrix, before her death, gave another note, for three hundred and fifty dollars, to her said daughter Jane, payable to her or her order on the death of the said Leah Lozier, which is unpaid : That the said Jane Ackerman insists that these notes were given for moneys arising from the sale of certain real estate belonging in part to the said Jane, and in which she released her interest to her mother ; and that the notes were so drawn with the view of carrying out the intention of the mother, that the said Jane, the daughter, should enjoy the money free from the control of her husband ; and the said Jane Ackerman insists that the money due on the two notes, belongs, of right, to her, and that such was the intention of her mother at the time, more especially as part of the property sold belonged to her.

The bill then charges, that in the month of April, 1833, the administrators of John L. Van Saun, deceased, sued out of the inferior court of common pleas of Bergen, an attachment against William A. Ackerman, for three hundred dollars; by virtue of which, the sheriff attached all the right and interest of said Ackerman to any money due to him from the complainants, as executors of the said Leah Lozier, on the two notes aforesaid, given by Leah Lozier, the one to Andrew Bush, and the other to Jane Ackerman: that the plaintiffs in attachment have obtained judgment against Ackerman, and issued a *scire facias* against the complainants, as executors as aforesaid, and have given notice of executing a writ of inquiry, and claim the money due on the said two notes, as belonging to the said William A. Ackerman.

It is further charged that the estate is likely to prove insolvent; in which case, part of the said two notes must be left unpaid.

The complainants, making offer to pay the amount due on the said notes, and alleging their inability to decide between the different claimants, pray the decision of the court, and that the parties may interplead, &c., and that an injunction issue to stay proceedings at law.

To this bill, the administrators of Van Saun, the attaching creditors, have demurred, on several grounds. It is objected that the facts do not present a proper case for a bill of interpleader: that there is no equity in the claims of Jane Ackerman, as exhibited by the bill.

The allegation is, that Jane Ackerman has a separate interest in the notes in question, arising partly from the fact that the trust declared in the will for her benefit was transferred, or intended to be transferred to those notes by Leah Lozier—they coming in lieu of the land which was given in trust; and partly from the other fact alleged, that a portion of the consideration of the notes was for money arising from the sale of real estate in which she had an interest—the same having been released to her mother, with the view of securing the money to her separate use. To this is to be added the allegation that the one note was given payable to Jane Ackerman, or her order, after the death of

her mother, and the other one was payable to a third person, in trust for her benefit.

Taking these facts to be true, as I must do upon this demurrer, I am not prepared to say that here is no equity on the part of Jane Ackerman ; and that her claim is so entirely groundless as that an interpleading bill cannot be sustained.   The claim is not set forth in the bill with as much accuracy and particularity as could have been desired ; but it must be recollected that the party who files the bill of interpleader is not a claimant.   He only sets out the claim, as exhibited or made to him, and cannot be supposed to do it with as much accuracy as the claimants themselves would do.   It is enough for him to satisfy the court that there are opposing claims, against which he is, in equity, entitled to protection until they are settled, so that he can pay with safety.

The practice of the court has been liberal in favor of persons standing in the situation of stakeholders or agents, having no interest in the property claimed, and only desiring honestly to pay it where it is justly due.   It has proceeded on the principle that they have a right to protection, not from being compelled to pay, but from the vexation attending all the suits that may possibly be instituted against them : *Angell* v. *Hadden*, 15 *Ves.* 246; *Langston* v. *Boylston*, 2 *Ves.* 109.   Such a bill may be filed, although the claim of one of the defendants is actionable at law, and that of the other of equitable cognizance : *Richards* v. *Salter*, 6 *John. C. R.* 446.   And it is said by *Ld. Rosslyn*, in the case of *Langston* v. *Boylston,* just cited, that a claim is a ground of interpleader.

It is contended, however, that the aid of this court ought not to be invoked, except in cases of absolute necessity ; and the case of *Bedell* v. *Hoffman*, in 2 *Paige*, 199, appears to favor that idea.   The principle there adopted is, that a bill of interpleader should not be filed when the complainant can, in any other way, be protected from an unjust litigation in which he has no interest. Admitting this to be correct, I am not sure that the complainants in this case can be fully protected in any other way.   They cannot be protected, in any degree, unless the recovery against them,

42

as garnishees, will be a good defence for them at all times and in all cases. Generally speaking, such recovery is a defence against the debtors and other persons claiming under or through him. But whether it would be so in the case of equitable claims of third persons, of which the garnishee had notice, and took no measures to have them investigated and adjusted, when he might have done it without difficulty, may raise a question; and he might, at all events, be subject to a vexatious litigation. But I am of opinion that the rule, as adopted in New-York, will be found to be too broad; and I think it will be found that the bill of interpleader has been sustained in many cases on other grounds than those of absolute necessity. In *Langston* v. *Boylston*, above referred to, the chancellor held the complainant entitled to relief on a bill of interpleader, though he need not have come into equity. In that case, there was an action by one party and attachments by another. It was insisted that complainant might defend himself against the attachments, or not. If he did, there was an end of the claim of the creditors who sued under the attachments; if not, and if the goods are condemned, then there is a defence against the other action. The court said, that was precisely the situation in which the plaintiff ought not to be placed. Besides, the complainants in this case are executors, and this court has always been liberal in extending to executors, when acting in good faith, counsel, indemnity and protection.

For these reasons, I shall overrule this ground of demurrer.

2. Another ground of demurrer is, that the bill not only seeks that the claimants may interplead, but prays relief on the ground that the estate is likely to prove insolvent.

I do not perceive that this presents any serious difficulty. There is no dispute as to the amount of the notes themselves. But the executors are not bound to pay the whole to either party, if the assets of the estate will not warrant it. The amount to be paid must be ascertained somewhere. It is not to be done by this court in this suit—such is not the object of the suit. This court will merely decide on the right of the opposing claimants to such

sum as may be payable, leaving that sum to be ascertained in some proper way.

The fact that the particular amount due may not be ascertained, does not take away the character of the executors as indifferent stakeholders. They have no personal interest in this matter to be settled; if they had, the bill of interpleader would not be the proper remedy. But they seek protection; and I cannot believe that when executors come rightfully into this court to obtain its judgment upon conflicting claims, made before the estate can possibly be collected and settled, that they must, by that very act, necessarily be bound for the solvency of the estate; or, in other words, that they shall not be protected unless they will agree to pay the whole amount, whether they have assets or not. This would be almost a reproach to the administration of justice. I can have no doubt of the power of the court so to regulate this case, which is certainly a peculiar one, as to secure the rights of all the parties.

This differs from the case of *Mitchell* v. *Hayne*, cited at the bar, from 2 *S. and S.* 63; 1 *Cond. Ch. Rep.* 347. There the complainant, who was a stakeholder, offered to pay into court the amount in his hands, deducting the duty and commission, which he estimated at a sum certain. The right to this deduction was disputed; and, therefore, the vice chancellor said there was a personal question between the complainant and one of the defendants. He was not an indifferent stakeholder. But, in this case, neither party claims, or can claim, by law, more than is due from the estate. Whether this be more or less is entirely indifferent to the complainants. They have no personal interest in the question.

Another cause of demurrer is, that the bill is filed after judgment; and that, having made no defence against the judgment, the executors are not entitled to relief here.

The matters of defence against the claim, under the attachment, taken together, are rather equitable than legal. A defence might probably have been made to part; but I think it would have involved matters of equity, which could not well have been

[Ex'rs of Lozier v. Adm'rs of Van Saun.]

disposed of in a court of law. As to the other part, (the note given by testatrix to her daughter,) the defence must have been equitable entirely, and entitles the parties to come into this court for relief. By the delay until after judgment, they subject themselves to the burthen of bringing the money into court, but their rights are not taken away.

Upon the whole case, I am of opinion that the demurrer be overruled, and the administrators be put to their answer.

Demurrer overruled.