KARL SCHAFFER, petitioner-appellant,

*v.*

MAIKA (also known as Marie) KRESTOVNIKOW, otherwise Mary Schaffer, defendant-respondent.

[Submitted July 8th, 1918. Decided November 18th, 1918.]

1. In a husband's suit for annulment on the ground that his wife's prior marriage was still subsisting, the allowance of an amendment of the answer alleging illegality of the prior marriage is within the sound discretion of the court, and will not lead to a reversal unless a clear abuse of that discretion is shown.

2. The presumption that a cohabitation known to the parties to be meretricious in its origin continues to be of that character may be rebutted and proved to have become matrimonial and a lawful common law marriage established. The change may be established by proof of circumstances excluding the presumption that the original relation continued and showing satisfactorily that it was changed to matrimonial union by mutual consent.

3. A cohabitation, meretricious in its origin, becomes matrimonial and a lawful common law marriage is established when, upon being informed of the death of the woman's first husband (which death removed the only impediment to marriage), the man declares to the woman that she is his wife, and thereafter the two, by habit, conduct and declarations, hold themselves out as husband and wife.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, whose two opinions therein are reported in *88 N. J. Eq. 192,* and *88 N. J. Eq. 523.*

*Mr. Abe J. David* and *Mr. James C. Connelly,* for the appellant.

*Mr. Benjamin M. Weinberg,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

In 1889 the defendant, then Mary Rosenblitt, married Vasili Krestovnikow, a military bandmaster, in the town of Cherna-

Ostraw, Russia. In 1902 she went through a marriage ceremony with the petitioner, Karl Schaffer, in Austria, having deserted her first husband at the solicitation of the petitioner. The petitioner and defendant then came to America and lived together in the city of Elizabeth, in this state, from 1902 until 1916, when the petitioner filed this petition for the annulment of his marriage to the defendant in 1902, alleging that it was void, for the reason that her prior marriage to Krestovnikow, in 1889, was still subsisting. The court below, after hearing, dismissed the petition, awarded the defendant support under the statute pursuant to her counter-claim, and the petitioner appealed.

We are of the opinion that the decree below must be affirmed.

At the outset we remark that there can be no reversal because of the action of the vice-chancellor in permitting an amendment of the answer alleging illegality of the defendant's so-called first marriage. The allowance of such an amendment is within the sound discretion of the court, and will not lead to a reversal unless a clear abuse of that discretion is shown. Here there is no such showing. Moreover, as we shall presently show, the rights of the petitioner could not possibly have been prejudiced by the amendment.

On the merits we think that the decree was right.

In the view we take of the case we do not find it necessary to consider whether the defendant's so-called first marriage was legal or illegal. If we assume that it was legal, as the petitioner contends, still his case fails in view of subsequent events.

It appeared that, after the petitioner enticed the defendant away from her first husband, they went through a marriage ceremony, in 1902, and in that same year came to Elizabeth, in this state, where they cohabitated, apparently matrimonially, for fourteen years and upwards. We may assume that this cohabitation was illicit in its inception and was known to both parties to be such. If so, of course, in the absence of proof to the contrary, the illicit relation will be presumed to have continued throughout the period of cohabitation, but this presumption is not conclusive. In other words, the presumption that a cohabitation, known to both parties to be meretricious in its origin, continues to be of that character may be rebutted and proved to have be-

come matrimonial and a lawful common law marriage established. *Collins* v. *Voorhees, 47 N. J. Eq. 555; Chamberlain* v. *Chamberlain, 68 N. J. Eq. 414.* The change may be established by proof of circumstances excluding the presumption that the original relation continued and showing satisfactorily that it was changed to matrimonial union by mutual consent. *Atlantic City Railway Co.* v. *Goodin, 62 N. J. Law 394; Mick* v. *Mart, 65 Atl. Rep. 851; Bey* v. *Bey, 83 N. J. Eq. 239.* In the present case there was such proof.

It appeared that Krestovnikow, the defendant's supposed husband, died in 1905. We agree with the vice-chancellor that a presumption of his death is established by general neighborhood reputation that he died in the military service, testimony whereof was given by numerous and dependable witnesses. This testimony was admissible (*1 Whart. Ev.* § *223; 2 Wigm. Ev.* § *1605; Ringhouse* v. *Keever, 49 Ill. 470; Scott's Lessee* v. *Ratliffe, 5 Pet. 81; Arents* v. *Long Island Railroad Co., 156 N. Y. 1*) and the presumption which thus arose was not overcome by any other evidence.

It also appeared that in 1905, when the petitioner and the defendant were informed of Krestovnikow's death (which death removed the only impediment to marriage), the petitioner declared to the defendant that she was his wife, and thereafter the two, by habit, conduct and declarations held themselves out as husband and wife. We agree with the court below that these facts establish a lawful common law marriage, and it follows that the petitioner was not entitled to the relief which he sought.

The decree below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.