MILTON WILKOTZ, PLAINTIFF-RESPONDENT, v. NATHAN ZISS, DEFENDANT-APPELLANT.

Argued January 20, 1948—Decided March 4, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-respondent, *Lawrence Friedman.*

For the defendant-appellant, *Michael G. Alenick.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The appeal purports to be from two orders said to have been entered in the Essex County Court of Common Pleas on July 8th, 1947, and October 2d, 1947, respectively; but no orders are printed in the state of case. The dates correspond with the time of the filing by Judge Flannagan of two opinions in the cause. It is elementary that the state of case should contain the judgments or orders complained of. We could, therefore, with propriety, stop at this point and dismiss the appeal. *Peterpaul* v. *Torp,* 121 *N. J. L.* 183. However, we pass this point and come to our conclusion on meritorious grounds. *Tanis* v. *Passaic County,* 122 *Id.* 486.

The judicial actions complained of were the dismissals of successive rules to show cause why proceedings on a judgment obtained by plaintiff against the defendant and any writ of execution issued or levy made to enforce the same should not be quashed.

On April 22d, 1938, plaintiff, then an infant 17 years of age, obtained, through the services of Herman M. Wilson

4

as attorney, an award in the amount of $848 in the Workmen's Compensation Bureau for injuries suffered in the employ of the defendant. Notwithstanding the statute (*R. S.* 34:15–79), which makes it a misdemeanor for an employer to fail to provide the protection prescribed by the Workmen's Compensation Act, the defendant carried no insurance. On May 13th, 1938, three weeks after the award in the Bureau, which had been docketed in the Essex County Court of Common Pleas, defendant filed a voluntary petition in bankruptcy and ultimately obtained his discharge, his assets having in the meanwhile been sold to his wife, Ida Ziss, for a nominal sum. On October 25th, 1946, plaintiff, being then of age caused execution to be issued and a levy made thereunder against the defendant. Defendant obtained a rule to show cause in the Essex County Court of Common Pleas why the judgment proceeding should not be quashed. It was the duty of the defendant, movant on the rule, to exercise due diligence to obtain the necessary evidence to enable him to prevail and to present to the court such competent proof as was within his knowledge. It appeared on the hearing of the rule that the defendant, in listing the plaintiff's claim in bankruptcy, gave his address in this fashion: "659 South 20th Street, Newark, New Jersey, c/o Herman M. Wilson, Attorney, 790 Broad Street, Newark, New Jersey." The court found, with reason, that the notice to plaintiff was sent in care of Herman M. Wilson as attorney at 790 Broad Street, Newark; that Wilson was the attorney who obtained the award in the Compensation Bureau but that his representation ended with the conclusion of the compensation proceedings; that a notice in bankruptcy sent to Wilson was not notice to the plaintiff, and that as it did not appear that actual notice was communicated to the plaintiff the bankruptcy proceedings were ineffective to bar his claim; and thereupon the court concluded that the order to show cause should be discharged and the restraint vacated. It is from that conclusion that the first appeal runs. We find no error therein.

On July 17th, 1947, nine days after the filing of that opinion, defendant, noting the reasoning upon which the court's conclusion had run, sued out a new rule to show cause

for the same purpose as the old, based substantially upon the proposition that the defendant's attorney had not earlier been aware that Herman M. Wilson, the above named attorney for the plaintiff, had in fact notified the plaintiff and the latter's father about the bankruptcy proceeding and had conferred with them, that both the plaintiff and the plaintiff's father had attended one or more sessions in the bankruptcy court and that the said Wilson had refused to make his office file available except under a subpœna *duces tecum;* all of which bore upon the question of advance knowledge by Wilkotz of the bankruptcy proceedings. Under that rule defendant subpœnaed Wilson and his office file. Nathan Ziss testified that he was present during the bankruptcy proceedings at the creditor's meeting at which the trustee was appointed and that Milton Wilkotz as well as his father, who acted as his natural guardian, was also present in person at the hearing. There was a paper produced from Mr. Wilson's files which was in the form of an executed proof of claim in bankruptcy against Nathan Ziss in behalf of Milton Wilkotz. Defendant endeavored to have the benefit of these matters as proof under the theory that they were newly discovered evidence. Clearly, the fact of the attendance of the plaintiff and his father at the bankruptcy proceeding was not newly discovered evidence inasmuch as defendant was an eye witness and had knowledge; and the subpœnaing of Wilson—known throughout by the defendant to have been plaintiff's attorney—and his files was as fully within the command of the defendant under the first rule to show cause as under the second. We are of the opinion that the absence of these proofs on the earlier proceeding was not due to inability to procure them but to a failure to sense that they were of importance and to lack of diligence in producing them. It was the finding of the court that the defendant has not exercised due and timely diligence in procuring and producing proofs; that much of the additional evidence was cumulative and that so much of it as was not cumulative was not timely; citing *Albrecht* v. *Raab,* 127 *N. J. L.* 292; *Christie* v. *Petrullo,* 101 *Id.* 492; *Clawans* v. *Hahne & Co.,* 123 *Id.* 345. The court further found that whatever inequity might superficially appear to

6

be with the defendant on such an application was outweighed by the inequity of the defendant in his criminal omission to provide protection by insurance to this lad who had served him in the capacity of a butcher boy and was injured in so doing.

We think, as did the court below, that all of the material proof which was tendered under the second rule to show cause was fully within the reach of the defendant at the time of the first rule, and that under the well established principles of law enunciated in the cases cited above he may not now make his revised judgment of what proofs he should produce and his belated industry in securing those proofs atone for his earlier failure.

The orders below are affirmed.