CITY OF CLIFTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT, AND ERNEST KURZROK, PLAINTIFF-APPELLANT, v. CRESTHAVEN CEMETERY ASSOCIATION, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 20, 1950—Decided March 1, 1950.

Before Judges Jacobs, McGeehan and Eastwood.

*Mr. Frank W. Shershin* argued the cause for the complainant-respondent (*Mr. John G. Dluhy,* attorney).

*Mr. Theodore D. Parsons,* Attorney General, attorney for the State of New Jersey.

*Mr. Ernest Kurzrok, pro se,* argued the cause.

*Mr. Samuel I. Kessler* argued the cause for the defendant-respondent (*Messrs. Kessler & Kessler,* attorneys).

The opinion of the court was delivered by

EASTWOOD, J. A. D. The decree of dismissal, which is the subject of this appeal, was entered by mutual consent of all of the parties. Several consent decrees in other pending actions were also entered. Their purpose was to terminate finally and conclusively all differences theretofore existing between the parties.

Since 1931, there has been litigation in our courts affecting defendant's cemetery and its operation. In most of this litigation, appellant, Ernest Kurzrok (hereinafter, for convenience, referred to as "Kurzrok"), has figured prominently. In this action he is not actually a party and, therefore, has not the requisite legal standing to test the validity of the decree of dismissal, which he has assumed to challenge. He claims a status as a self-styled "Intervenor," but he has no judicial authority therefor. In the early stages of this suit, he applied as an intervenor to former Vice-Chancellor Lewis to be admitted as a party complainant. The City of Clifton opposed the granting of his application, and it was denied by the court. Notwithstanding, entirely through the indulgence and sufferance of the court, he was permitted to participate in the subsequent proceedings.

Consummating lengthy negotiations seeking to find a common ground upon which they could bring their litigation to a final conclusion, the parties reached a mutually satisfactory agreement. The terms and conditions thereof were submitted to the proper bodies and officials representing all of the parties and upon their authorized approval, the agreement was executed, thereby amicably settling all of their differences.

Kurzrok contends that the decree of dismissal should be set aside for the reasons: (1) "The motion to dismiss the complaint and all other proceedings herein is a fraud upon

the court" and (2) "The agreement between plaintiff and defendant is collusive, fraudulent and *ultra vires.*"

Plaintiff and defendant assert that Kurzrok is not a party to this action and, therefore, he has no standing before this court to question the dismissal. They further deny that there was any fraud, collusion or the commission of any *ultra vires* acts on their part.

██ ██ The appeal might well be dismissed because of Kurzrok's lack of standing to prosecute. He has no interest that could have been or is affected by this litigation. He was the owner of a lot in another part of the cemetery entirely unrelated and unaffected by the litigation which involved only the "Lockwood Tract." His application to be admitted as a party complainant was denied and he was not entitled, therefore, to take part in any phase of the litigation. *Downs v. Jersey Central Power & Light Co.,* 115 *N. J. Eq.* 448 (*Ch.* 1934), at *p.* 449. The mere fact that the court manifested an attitude of tolerance and indulgence and permitted him to participate in the ensuing proceedings, lends no legal sanction to his assumed role as "Intervenor."

██ ██ The charge of collusion, fraud and *ultra vires* made by Kurzrok is entirely unsupported by any proof thereof. In the proceedings following the court's denial of his application for admission as party complainant, Kurzrok appeared and participated therein. He also appeared before the governing body of the City of Clifton, and voiced his opposition to the proposed agreement to amicably adjust and settle the then pending suits. The record is barren of any offer of evidence by Kurzrok to establish his charge of fraud and collusion. Fraud, as a fact, will never be presumed. It must always be clearly proved. The burden of establishing fraud rests upon the party who asserts it. *Connelly v. Weisfeld,* 142 *N. J. Eq.* 406 (*E. & A.* 1948). The language used by former Vice-Chancellor (now Judge) Jayne in *Takach v. Radice,* 140 *N. J. Eq.* 308 (*Ch.* 1947); affirmed, 142 *N. J. Eq.* 243 (*E. & A.* 1948), might well be adopted here:

"There is not in this case a splinter of credible evidence that the defendant practiced any fraud, deception, or culpable undue influence. * * *"

It was asserted at the argument and not denied by Kurzrok, that the agreement was submitted to and approved by the boards of trustees and other officials charged with the legal obligation to pass upon the proposal and its execution was authorized by all of the necessary parties thereto.

Kurzrok relies upon an opinion of Vice-Chancellor Lewis, filed December 18, 1944, to support his assertion that this action had been previously concluded favorably to the City of Clifton. No decree was ever entered, however, to give effect to Vice-Chancellor Lewis' opinion. As a matter of fact, subsequently, to permit defendant to introduce additional testimony, defendant moved to re-open the case, and obtained an order to that effect. Kurzrok was given notice of the application to re-open and at the hearing participated in opposition thereto. By reason of Vice-Chancellor Lewis' retirement, the matter was referred to Judge Grimshaw, who directed the entry of the order of dismissal.

Several references have been made by us to the settlement agreement executed by the parties. In determining the appeal we are not required to pass upon the validity thereof. The only appealable question is that pertaining to the decree of dismissal.

The appeal is dismissed, with costs.