26 N.J. Super. 268 (1953)
97 A.2d 715
MINNIE MINTER, PETITIONER-RESPONDENT,
v.
BENDIX AVIATION CORPORATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 25, 1953.
Decided June 12, 1953.
*270 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Michael G. Alenick argued the cause for the petitioner-respondent.
Mr. Walter H. Jones argued the cause for the respondent-appellant (Mr. Walter R. Hespe, on the brief).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
Wallace Minter, an employee of the appellant Bendix Aviation Corporation (hereinafter referred to as "Bendix"), was killed on August 4, 1951 as the result of an accident that concededly arose out of and in the course of his employment.
At the hearing before the Workmen's Compensation Division (hereinafter referred to as the "Division"), the only question raised by Bendix was whether the petitioner was the legal wife and sole surviving dependent of the deceased employee. The deputy director determined the question in the affirmative and awarded compensation to the petitioner. From the rule for judgment entered on April 22, 1952 no appeal was taken.
However, by notice of motion dated April 21, 1952, returnable June 2, 1952, Bendix unsuccessfully applied for an order staying the judgment, for the appointment of a commissioner in the State of Illinois to take the deposition of one Mary Sanders Minter, claiming to be the legal wife of Wallace Minter at the time of his death, and for a new trial, on the ground that such evidence was not available to Bendix *271 on April 7, the date of trial before the Division. The Division denied this application.
The County Court dismissed Bendix' appeal from the deputy director's refusal to grant a new trial and Bendix appeals from the ensuing judgment of dismissal.
Bendix contends that a new trial should have been granted to permit the introduction of newly discovered evidence as to the claims of the alleged legal wife of the decedent, Mary Sanders Minter, and a dependent son, Wallace Minter, Jr.; that Bendix exercised all due diligence in its attempt to obtain the necessary evidence of the prior marriage, but was unable to do so at the time of the hearing; and that the award of the death benefits to Minnie Minter is a fraud upon the court.
Motions for new trials for newly discovered evidence are not favored and are properly entertained with caution by trial courts. However, when the elements justifying a new trial clearly appear, the application should be granted. State v. Hunter, 4 N.J. Super. 531, 536 (App. Div. 1949); Christie v. Petrullo, 101 N.J.L. 492 (Sup. Ct. 1925); Wilkotz v. Ziss, 137 N.J.L. 3 (Sup. Ct. 1948). To justify the granting of a new trial upon the ground of newly discovered evidence, it must appear: (1) that such evidence would probably have changed the result of the trial; (2) that it was unobtainable by the exercise of due diligence for use at the trial; and (3) that the evidence is not merely cumulative. Christie v. Petrullo, supra; State v. Hunter, supra; cf. Cusano v. Cusano, 19 N.J. Super. 255, 271 (App. Div. 1952). A motion for a new trial is addressed to a discretionary power of the trial judge, to be exercised, however, not according to whim or caprice, but by sound application of rules of law controlling the determination of the motion. Erdo v. Stahlin, 11 N.J. Super. 305 (App. Div. 1951).
An examination of the record convinces us that there was a lack of due diligence on the part of Bendix in discovering the asserted evidence as to a prior marriage of the decedent with Mary Sanders Minter. It is obvious that *272 Bendix had knowledge of the prior marriage at the time it filed its answer to the petition for compensation, as it asserted therein: "Respondent denies that petitioner was the legal wife of decedent at the time of his death or that she is entitled to any dependency benefits whatsoever." The petition was filed on September 13, 1951, and Bendix' answer thereto was filed October 29, 1951. The hearing before the deputy director was held on April 7, 1952. At the hearing the petitioner was rigorously cross-examined almost entirely on the question as to her knowledge of a prior-existing marriage between the decedent and Mary Sanders Minter, and her knowledge as to a son born of that marriage. The petitioner vigorously denied having any such information or knowledge, testifying that her husband never informed her of any prior marriage nor had she ever heard of any child by a previous marriage. It is significant that on the cross-examination the names of the alleged first wife and "an eleven year old" son, and the City of Chicago as their place of residence, were mentioned by counsel for Bendix. It is also significant that Bendix never made any application for a postponement of the hearing or a continuance at its conclusion in order to complete its investigation of the alleged prior marriage and offer testimony with respect thereto. But, within a very few days, it noticed its application for the taking of the testimony of the alleged first wife and for a new trial. It thus appears that Bendix possessed knowledge of the alleged first wife and son five months before the hearing. And yet, in the affidavit of the assistant claim manager, submitted at the hearing of the application for new trial, it was stated that it was not until April 10, 1952, three days after the hearing, that he wrote to the Board of Education of Chicago, Illinois, for information concerning the son, resulting shortly thereafter in the ascertainment of the whereabouts of the son and Mary Sanders Minter. We are convinced that, if due diligence had been exercised, more specific information as to the whereabouts of Mary Sanders Minter and the minor child could have been obtained long before the hearing. Bendix' explanation *273 of its inability to locate Mary Sanders Minter and her son is unconvincing. We think that clearly under the facts there was such a lack of due diligence on the part of Bendix that would disentitle it to a new trial.
Additionally, we are of the opinion that, assuming Mary Sanders Minter would testify to the facts set forth in her affidavit, the judgment would not be altered. Her assertions as to her marriage are not too convincing. However, if we assume that she could prove a valid marriage, that in itself would not sufficiently establish that she was the legal wife of Wallace Minter at the time of his death. There is no indication of proof in the affidavit of Mary Sanders Minter that the alleged marriage between her and the deceased employee was subsisting at the time of Minter's marriage to the petitioner, other than her statement that they were never divorced. The great weight of authority is to the effect that a second marriage is of itself sufficient to raise a presumption that a former marriage has been terminated by divorce. 14 A.L.R.2d 24 and supporting citations. This has been the settled rule in New Jersey for many years. Sparks v. Ross, 72 N.J. Eq. 762 (Ch. 1907), affirmed 73 N.J. Eq. 735 (E. & A. 1907); 79 N.J. Eq. 99 (Ch. 1911), affirmed Ibid. 649 (E. & A. 1911); Schaffer v. Krestovnikow (Schaffer v. Schaffer), 88 N.J. Eq. 192 (Ch. 1917), affirmed 89 N.J. Eq. 549 (E. & A. 1918); Keller v. Linsenmyer, 101 N.J. Eq. 664, 677-680 (Ch. 1927); Sturm v. Sturm, 111 N.J. Eq. 579, 584 (Ch. 1932); Schuler v. Schuler, 114 N.J. Eq. 220, 226 (E. & A. 1933); Hoffman v. Jinks, 134 N.J. Eq. 91, 94 (E. & A. 1943). The proof of a ceremonial marriage and the fact that the parties lived together in apparent matrimonial relation for several years, raises a strong presumption of the legality of their marriage, and this presumption can only be overcome by clear and conclusive proof. Schaffer v. Krestovnikow, supra. Without such "clear and conclusive proof," we do not see how the judgment could be different.
There is no merit in the appellant's contention, asserted for the first time in this appeal, that the award of *274 death benefits is a fraud upon the court. In fact, in its brief, Bendix states: "Of course, the deputy director had no alternative but to award judgment to petitioner for dependency benefits, funeral expenses and attorneys' fees. The evidence warranted the findings." Fraud is a fact that will never be presumed but must always be clearly and convincingly proved. Vanpelt v. Veghte, 14 N.J.L. 207 (Sup. Ct. 1834); Wasserman v. Franklin Trust Co., 142 N.J. Eq. 352 (Ch. 1948); Connelly v. Weisfeld, Ibid. 406 (E. & A. 1948); City of Clifton v. Cresthaven Cemetery Ass'n., 6 N.J. Super. 391 (App. Div. 1950). Here, there is no proof or proffered proof of any fraudulent conduct chargeable to the petitioner.
It may well be that interpleader may be, or may have been, available to the employer in this case. Rule 3:22 gives a wider scope to the remedy of interpleader than it had in the old days. Generally, the remedy is not available after one of the claimants has obtained judgment. 48 C.J.S., Interpleader, § 23, p. 70. Mary Sanders Minter lives in Chicago and, perhaps, the employer could not obtain jurisdiction over her until she began a proceeding in the Workmen's Compensation Division a few months ago.
Judgment affirmed.