35 N.J. Super. 430 (1955)
114 A.2d 451
ECLIPSE PIONEER DIVISION OF BENDIX AVIATION CORP., A CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY AND FIDELITY & CASUALTY CO. OF NEW YORK, AN INSURANCE COMPANY ALSO AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, PLAINTIFFS-APPELLANTS,
v.
MINNIE MINTER AND MARILYN SANDERSON MINTER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1955.
Decided May 6, 1955.
*434 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Walter H. Jones argued the cause for plaintiffs-appellants.
Mr. Michael G. Alenick argued the cause for defendant-respondent Minnie Minter.
Mr. Alexander Avidan argued the cause for defendant-respondent Marilyn Sanderson Minter (Messrs. Avidan & Avidan, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Appeal is taken from a summary judgment of the Superior Court, Chancery Division, denying interpleader. The employer of Wallace Minter and the employer's insurance carrier sought to interplead Minnie Minter and Marilyn Sanderson Minter (known also as Mary Sanders Minter), each of whom claims to be Wallace's widow and to be entitled, as such, to compensation concededly due the true widow under the Workmen's Compensation Act by reason of his death.
Prior to the interpleader action, Minnie's claim against the employer had been reduced to judgment in the Workmen's Compensation Division; and though the employer had then moved for a new trial, the motion had been denied and the denial affirmed by the County Court and this court. Minter v. Bendix Aviation Corp., 26 N.J. Super. 268 (App. Div. 1953).
Thereafter and pending the interpleader action, Marilyn's claim was reduced to judgment in the Workmen's Compensation Division. On appeal to the County Court, this judgment was remanded to the Compensation Division and a stay imposed, though the court found no error in the determination. We need not discuss the County Court's decision.
Faced with these two judgments, the Chancery Division refused to allow interpleader of Minnie's and Marilyn's claims, holding that a judgment in the Workmen's Compensation Division could not thereby be collaterally attacked.
*435 Whether there may be interpleader of inconsistent claims reduced to judgment, raises questions which we need not deal with generally. See 48 C.J.S., Interpleader, § 23, p. 70; 33 C.J. 448; 108 A.L.R. 267, 275; 30 Am. Jur. 223, 230; 21 Minn. L. Rev. 752; 50 Harv. L. Rev. 835; 47 Id. 1174, 1179; 37 Id. 388; 18 Id. 315; 49 Yale L.J. 377, 414; 45 Yale L.J. 1161, 1166; and the cases cited therein including in particular Phillips v. Taylor, 148 Md. 157, 129 A. 18 (Ct. App. 1925); American Surety Co. v. Grays Harbor County, 187 Wash. 164, 60 P.2d 10 (Sup. Ct. 1936); cf. Allegheny County v. Virgin, 367 Pa. 389, 80 A.2d 807 (Sup. Ct. 1951), opening the judgment. See too Van Winkle v. Owen, 54 N.J. Eq. 253 (Ch. 1896).
Suffice it here to hold that where there are two claims exposing a debtor to double liability, he cannot  once one of the claims is reduced to judgment against him  secure redress by way of interpleader unless he can be relieved of the judgment. Interpleader is not a device by which he may escape the force of an adjudication; and of course the mere inconsistency of the two claims does not of itself enable him to impugn the verity of the judgment. Ex'rs. of Lozier v. Admrs. of Van Saun, 3 N.J. Eq. 325, 332 (Ch. 1835), does not help the debtor. There, in a situation arising long before the integration of courts of law and equity, it was held there was ground for equitable relief from the judgment.
No attack, requiring attention here, seems to have been made in this cause upon either Minnie's or Marilyn's judgment, except that on the oral argument before us it was urged that Minnie's judgment was procured through a fraud perpetrated by her upon the Workmen's Compensation Division. To this matter we shall address ourselves in this opinion. The charge counsel made was this: that Minnie at the time of her compensation proceeding not only knew of Marilyn's prior marriage to Wallace, which Minnie denied in her testimony then, but further that at that time  if consideration be given to the dispute over Wallace's allotment checks while he was in the army  Minnie was aware that Marilyn doubtless was his lawful wife.
*436 On this question of fraud, the proofs in the proceeding brought by Marilyn in the Workmen's Compensation Division, when taken with the proofs that were before us in 1953, do not meet the test laid down in Shammas v. Shammas, 9 N.J. 321, 330 (1952):
"Perjured testimony that warrants disturbance of a final judgment must be shown by clear, convincing and satisfactory evidence to have been, not false merely, but to have been willfully and purposely falsely given, and to have been material to the issue tried and not merely cumulative but probably to have controlled the result."
Still the above-mentioned proofs do raise suspicions of a character sufficient for us to say  and we do so with some hesitancy because this has been a much litigated affair  that the employer, if it wishes it, is entitled to an opportunity to institute a further proceeding to open Minnie's judgment on the ground of her fraud on the Compensation Division, provided the proceeding and any discovery action therein are undertaken very promptly.
Three questions suggest themselves in that regard: whether such a proceeding should be had before the Superior Court, Chancery Division, or before the Workmen's Compensation Division; whether the issue is res judicata; and whether the employer is barred by its own lack of diligence in the matter.
On the first question, the practice is settled; the proceeding adverted to should be brought in the Compensation Division. For where a judgment is secured through a fraud on a tribunal in this State, relief from the judgment should be sought, not in an independent action in the Superior Court, but by motion in the tribunal rendering judgment, if the remedy there is adequate. Shammas v. Shammas, 9 N.J. 321, 328 (1952), supra; Gray v. Cholodenko, 34 N.J. Super. 190, 194 (App. Div. 1955). Especially is this so where, as here, the tribunal not merely appears able to afford an adequate remedy, Estelle v. Board of Education of Red Bank, 14 N.J. 256, 261 (1954), but seems to be vested (N.J.S.A. 34:15-49) with "exclusive original jurisdiction" over the original cause of action.
*437 Furthermore, the Compensation Division has power to stay Minnie's judgment pending the proceeding if equitable considerations warrant it. McFeely v. Board of Pension Com'rs., 1 N.J. 212, 217 (1948). From an administrative viewpoint, it is of course far better to have the stay issued by the tribunal hearing the cause, than to require the parties to attend another cause in the Superior Court as well.
The second question above stated is whether the issue of fraud on the agency is res judicata. This matter of fraud was raised before us on the employer's appeal from a denial of a new trial as to Minnie's claim. Minter v. Bendix Aviation Corp., 26 N.J. Super. 268, 273 (App. Div. 1953), supra.
The doctrine of res judicata, properly speaking, is not involved. 49 C.J.S., Judgments, § 360, p. 559; 34 C.J. 387; 60 C.J.S., Motions and Orders, § 65, p. 81; 66 C.J.S., New Trial, §§ 7, 212, pp. 79, 547; Santoro v. Kleinberger, 115 Conn. 631, 163 A. 107 (Sup. Ct. Err. 1932); Old Colony Trust Co. v. Pepper, 268 Mass. 467, 167 N.E. 656, 658 (Sup. Jud. Ct. 1929); cf. Riggs v. Pursell, 74 N.Y. 370, 378 (Ct. App. 1878); but see Lincoln Bank v. Gem City Wholesale Grocery Co., 286 Pa. 421, 133 A. 554, 555 (Sup. Ct. 1926). For when a second application for a new trial or for relief from a judgment goes to the point dealt with on a prior application, it is in substance one to open the prior determination as to that issue.
However, except in very unusual circumstances a court will not entertain a second motion probing the same matter. Cf. Miller v. Ross, 43 N.J.L. 552 (Sup. Ct. 1881); Scull v. Daniel, 3 N.J.L. 576 (Sup. Ct. 1809). There must be an end to litigation. But here the question is fraud on the agency and the suspicions cast by the proofs (those adduced in Marilyn's cause, when taken with those adduced in Minnie's cause), we think warrant consideration of the matter.
No difficulty is presented by the fact that the order on the motion for a new trial was affirmed by this court. The situation is analogous to any determination affirmed on appeal; the Compensation Division in a proper case may *438 still open the determination. Cf. Dringer v. Receiver of Erie Railway, 42 N.J. Eq. 573, 577 (Ch. 1887), affirmed Dringer v. Jewett, 43 N.J. Eq. 701 (E. & A. 1887).
The third and most difficult question is whether the employer is barred by its lack of diligence, the circumstances of which are set out in Minter v. Bendix Aviation Corp., 26 N.J. Super. 268 (App. Div. 1953), supra. It was said in Shammas v. Shammas, 9 N.J. 321, 330 (1952), supra, that if a party seeking to be relieved of a judgment has not exercised the requisite diligence, he must show "that for other good reason the failure to use diligence is in all the circumstances not a bar to relief." See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), cited at another point in the Shammas case. Further, as stated in the Shammas case (9 N.J., at page 328), equitable considerations attaching to particular circumstances may control. Cf. Restatement of Judgments 622, dealing with "consciously wrongful conduct." Circumstances of significance may be developed in the hearing suggested, and we therefore should not pass upon the third question.
We come further to the conclusion that there has been no demonstration of any need for interpleader in the Superior Court. If the suggested hearing in the Workmen's Compensation Division establishes a fraud by Minnie upon that tribunal, it doubtless will establish also that she is not the widow. The Division through its power over its own proceedings can furnish such relief as is warranted.
The interpleader action was therefore properly dismissed.
Affirmed.