35 N.J. Super. 439 (1955)
114 A.2d 455
MINNIE MINTER, APPELLANT,
v.
MARILYN SANDERSON MINTER, BENDIX AVIATION CORPORATION AND THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1955.
Decided May 6, 1955.
*440 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Michael C. Alenick argued the cause for Minnie Minter, appellant (Mr. Sanford Silver on the brief).
Mr. Walter H. Jones argued the cause for Bendix Aviation Corporation and The Fidelity and Casualty Company of New York, respondents.
Mr. Alexander Avidan argued the cause for Marilyn Sanderson Minter, respondent (Messrs. Avidan & Avidan, attorneys).
*441 The opinion of the court was delivered by CLAPP, S.J.A.D.
Minnie Minter and Marilyn Sanderson Minter each claim to be the widow of Wallace Minter and, as such, to be entitled to compensation concededly due under the Workmen's Compensation Act by reason of his death.
On April 22, 1952 Minnie secured a judgment against the alleged employer, Bendix Aviation Corporation, in the Workmen's Compensation Division. This was never appealed. However, Bendix moved for a new trial, which was denied; and the denial of that motion was appealed and was sustained in the County Court and this court. Minter v. Bendix Aviation Corp., 26 N.J. Super. 268 (App. Div. 1953).
Mention may be made also of two interpleader actions, the first in the federal court, which was dismissed by consent, and the second in the New Jersey Superior Court, Chancery Division, which was dismissed by that court, and the dismissal affirmed by us today. Further see Eclipse Pioneer Div. v. Minter, 35 N.J. Super. 430 (App. Div. 1955).
However this appeal arises out of still another case, one instituted by Marilyn in the Workmen's Compensation Division and resulting on December 23, 1953 in a judgment there in her favor against Bendix and its insurance carrier. Thereupon Bendix and the carrier appealed to the County Court. That court, though it found no error in the determination, nevertheless by order made July 27, 1954 and directed both to Marilyn's judgment and also to Minnie's judgment of April 22, 1952, remanded both causes to the Division for further proceedings to determine which of the claimants was the widow and which judgment (Marilyn's or Minnie's) should be vacated. Besides it stayed both judgments pending those proceedings.
Minnie moved before the County Court to have it vacate this order of July 27 entered in Marilyn's cause so far as the order pertained to Minnie; and the appeal now before us is from the County Court's order of October 27, 1954 denying that motion. Minnie not only had never been a party to Marilyn's cause (either in the Compensation Division *442 or the County Court) but had never been given any notice whatsoever as to the cause until after the entry of the July 27 order. Moreover, since Minnie's judgment against Bendix had never been appealed from the Compensation Division, the provision in the County Court order remanding it to that Division, was nugatory. As for the County Court's stay of Minnie's judgment, there was no sufficient basis for it. Surely that court, by virtue of its appellate jurisdiction, does not have the power to stay a judgment of the Division, entered more than two years previously, which had never been before the court.
Marilyn has not sought to review the County Court's order of July 27 or any other phase of the proceeding. Hence the provision of that order remanding her cause and staying her judgment is not affected by this appeal.
The County Court's order of October 27, 1954 refusing to vacate that part of its order of July 27, 1954 pertaining to Minnie Minter is reversed. The order of July 27 should be vacated to the extent stated.